STEBBINS *v.* THE BOARD OF COUNTY COMMISSIONERS OF PUEBLO COUNTY.

*(Circuit Court, D. Colorado. ——, 1880.)*

1. STATUTE CONSTRUING STATUTE—WHEN VALID.—A statute construing and explaining a prior statute is valid, in so far, at least, as future transactions are concerned.

2. STATUTE—RAILROAD—STOCK.—A statute authorizing counties to take stock in railroads is applicable to a railroad duly organized under a subsequent statute.

——, for plaintiff.

——, for defendant.

MILLER, C. J. The case of Stebbins against the board of county commissioners is submitted, and at Judge Hallett's request I have examined it, and pronounced the result. This is a suit on bonds issued by Pueblo county in aid of a rail-

road called the Pueblo & Salt Lake Railroad, or some such name as that, that were issued in 1874. The defence to them is that the county had no authority to subscribe to stock in any railroad at that time. An act of the territorial legislature of 1868 does authorize counties to take stock in railroad companies, but the argument is, and the plea is, that at that time there existed no law by which any railroad company could be organized in the manner that this company has been organized; that the act of congress of March 2, 1867, impliedly forbade such organization; and probably that is a fair construction of that act. But, by a subsequent act of 1872, congress, as the defendant alleges, undertook to construe that act, and in their construction of it they declare that it should be held to extend to the right to organize railroad companies. It is denied that congress has any right to give a construction to the statute which will bind the court, and therefore that act of 1867 remains, and this railroad has no competent organization which will enable it to take subscriptions to stock. But, in a case which came up concerning taxation under the internal revenue law, which I decided myself in the supreme court, a very similar statute, construing a former statute, is made the subject of consideration, and in that case the court held that, while it might not be true that rights existing prior to the explanatory or declaratory statute will be affected by that declaratory statute, yet, inasmuch as congress or any legislative body has a right to pass a law for the future that such a statute shall be held to mean so and so, while it may not affect past transactions, it is equivalent to the passage of a statute of that character for the future; and, while it is not necessary for us to decide here whether that declaratory statute would affect any contracts or transactions prior to its passage, it is sufficient to say that after its passage it became a part of the law of 1867, and it was a declaration by congress that railroad companies might be organized in the manner that this was organized, after that period. That was passed in 1872, and this corporation filed its certificate of organization in 1873; it therefore was organized after the declaratory act, and, so far as that is

concerned, or any other that I know of, it was a valid organization.

It is said, nevertheless, that the act of 1868, which authorized the counties to take stock in railroads, was wholly void, because this railroad was not organized according to the law as it then stood; but that act of 1868 was a continuing act—was not made with reference to this. There were railroad corporations then in existence to whom it might apply, and it would apply to any future railroad corporation properly organized. Therefore, that act of 1868 authorized the county of Pueblo to subscribe to the stock of a railroad properly organized in 1873; as it did at the time, 1874.

I think, therefore, all the objections taken to the bonds on account of the invalidity of the subscription are ineffectual; and as that is the only question, the demurrer will be sustained, and plea held bad.

An appeal has been taken from this ruling to the United States supreme court.